**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

Leslie K. Holte,

    *Pro Se* Plaintiff,

vs.                                                                                                              Docket No.: 2:05CV248-P-A

The State of Mississippi; The Honorable Haley Barbour, in his official capacity as the Governor of the State of Mississippi; Tunica County, Mississippi; Horseshoe Casino Tunica; Bill Wright, in his official capacity as Senior VP/General Manager of Horseshoe Casino Tunica and as an individual; Melvin Burgess, in his official capacity as Director of Security of Horseshoe Casino Tunica, and as an individual; William T. Calder, in his official capacity as a supervisor of security for Horseshoe Casino Tunica, and as an individual; John Does, in their official capacity as security guards for Horseshoe Casino Tunica, and as individuals.

    Defendants.

---

**ORDER OF DISMISSAL**

This matter comes before the court on its own motion regarding the plaintiff's failure to prosecute. After due consideration of the record the court finds as follows, to-wit:

The plaintiff, acting *pro se*, filed his Complaint on December 9, 2005 against several governmental entities and various Horseshoe Casino defendants alleging false arrest, false imprisonment, assault and battery, civil rights conspiracy, malicious prosecution, and abuse of process arising from an incident in which Horseshoe Casino security personnel expelled him from Horseshoe Casino. Robinson Property Group, the legal entity who owns Horseshoe Casino,

1

thereafter banned the plaintiff from their premises in Tunica County, Mississippi, including Horseshoe Casino, The Grand Casino, and Sheraton Casino.

On March 10, 2006 the plaintiff filed a motion for additional time in which to file an amended complaint. The court granted the motion on April 5, 2006. The plaintiff did not file an amended complaint.

On April 21, 2006, after a hearing before District Judge Michael P. Mills of the Northern District of Mississippi in Oxford, Mississippi, the court granted the defendants' motion for a preliminary injunction thereby enjoining the plaintiff from entering the property of any casino owned by Robinson Property Group, including the Horseshoe Casino.

The last activity by the plaintiff on the record was a response filed on April 21, 2006 to Horseshoe Casino's second motion to compel discovery and for sanctions.

On May 2, 2006 Tunica County filed a motion to dismiss for insufficiency of process, insufficiency of service of process, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(4), (5) and (6), respectively. On June 27, 2006 Horseshoe Casino filed a motion for summary judgment. On September 26, 2006 Tunica County filed a motion for summary judgment.

The deadline to file a response to Tunica County's motion to dismiss was on May 16, 2006. The deadline to file a response to Horseshoe Casino's motion for summary judgment was July 12, 2006. The deadline to file a response to Tunica County's motion for summary judgment was October 11, 2006.

As of this date, the plaintiff has filed no response to any of these motions. Nor has the plaintiff otherwise contacted the court since April 21, 2006 – over six months ago.

The court concludes that this lawsuit should be dismissed with prejudice pursuant to Fed. R.

Civ. P. 41(b) for failure of the plaintiff to prosecute. The court may dismiss with prejudice under Rule 41(b) *sua sponte*. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). With regard to *sua sponte* dismissal under Rule 41(b), the Court wrote:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. ... Neither the permissive language of the Rule [41(b)]-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. ... Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.

*Id*. at 630-33.

The court is of the opinion that lesser sanctions would not vindicate the purpose of the rules pursuant to *McCloud R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879 (5th Cir. 1984) given that the plaintiff has not complied with the Local Rules of the United States District Courts for the Northern District of Mississippi and the Federal Rules of Civil Procedure throughout this case, as reflected on the record, nor has he demonstrated an intention to prosecute his case. This court's docket is far too heavy to allow cases to linger without good faith prosecution for periods such as six months.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) All of the plaintiff's claims against all defendants are hereby **DISMISSED WITH PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b); and

(2) The plaintiff shall have until December 8, 2006 to file a motion to show cause why the preliminary injunction enjoining the plaintiff from entering the property of Robinson Property Group in Tunica County, Mississippi (*i.e.*, Horseshoe Casino, The Grand Casino, and Sheraton Casino) should not become permanent. Robinson Property Group shall file a response within 10 business days after receipt of the plaintiff's motion to show cause. The plaintiff shall have 5 business days thereafter to file a reply. In the event the plaintiff does not file a motion to show cause, counsel for Horseshoe Casino shall make a motion to render the preliminary injunction permanent.

**SO ORDERED** this the 7th day of November, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE